<u>IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY</u>
*ELECTRONICALLY FILED*

| | |
|---|---|
| THE ESTATE OF JEREMY MARR, ) <br> by and through JOANNA MARR, ) <br> its Administrator, ) <br> ) <br> and ) <br> ) <br> JOANNA MARR, Individually and on ) <br> behalf of E.J.M., a minor ) <br>        *Plaintiffs,* ) <br> ) <br> -vs- ) <br> ) <br> ) <br> CITY OF GLASGOW; ) <br> ) <br>   **Please Serve:** ) <br>   Harold Armstrong, Mayor ) <br>   Glasgow City Hall ) <br>   126 E. Public Square ) <br>   Glasgow, KY 42141 ) <br> ) <br> ) <br> CITY OF GLASGOW ) <br> POLICE DEPARTMENT; ) <br> ) <br>   **Please Serve:** ) <br>   Harold Armstrong, Mayor ) <br>   Glasgow City Hall ) <br>   126 E. Public Square ) <br>   Glasgow, KY 42141 ) <br> ) <br> **GUY JOSEPH TURCOTTE,** ) <br> *individually and* ) <br> *in his official capacity as a* ) <br> *Glasgow Police Officer*; ) <br> ) <br>   **Please Serve:** ) <br>   Guy Joseph Turcotte ) <br>   207 Hutcherson Road ) <br>   Glasgow, KY 42141 ) <br> ) | No.: 1:21-cv-50-GNS <br><br><br> **PLAINTIFFS' VERIFIED <br> COMPLAINT** |

|  |  |
|---|---|
| **HAYDEN PHILLIPS,** *individually and in his official capacity as a former Glasgow Police Officer*;<br><br>   **Please Serve:**<br>   Hayden Phillips<br>   120 Hart Lane<br>   Russell Springs, KY 42642<br><br>**and**<br><br>**CAMERON MURRELL,** *individually and in his official capacity as a Glasgow Police Sergeant*<br><br>   **Please Serve:**<br>   Cameron Murrell<br>   300 Brummett Road<br>   Columbia, KY 42728<br><br>         *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Come now the Plaintiffs, The Estate of Jeremy Marr, by and through Joanna Marr, its Administrator, and Joanna Marr on behalf of E.J.M., a minor, and for their Complaint against the Defendants, states as follows:

## NATURE OF THE CLAIM

This action arises out of the unfortunate death of Jeremy Scott Marr, which occurred while Mr. Marr was in the custody and control of the Glasgow Police Department. This action is brought under the auspices of 42 U.S.C. § 1983 for violations of Marr's constitutional rights, in addition to violations of state statutory and/or common law. State law violations include those arising from the misuse of state/municipal power and negligence by the City of Glasgow and its applicable agents, both in their official and individual capacities.

Mr. Marr was forcibly subdued by three Glasgow Police officers, namely Officer Guy Turcotte, Officer Hayden Phillips, and Sergeant Cameron Murrell, during the course of an arrest. Shortly thereafter, Mr. Marr succumbed to his injuries from said officers. The amount of physical and force used upon Mr. Marr was a substantial factor in causing his death. Accordingly, Plaintiffs file the instant action to recover all legal and actual damages arising out of the death of Jeremy Scott Marr, including but not limited to damages for wrongful death, loss of parental consortium, negligence, battery, negligent hiring and supervision, consequential damages, punitive damages, and attorney's fees and costs.

## PARTIES, JURISDICTION, & VENUE

1. Joanna Marr, wife of Jeremy Marr, brings this action in her capacity as Administrator/Qualified Personal Representative of the Estate of Jeremy Marr. Ms. Marr is a resident of Allen County, Kentucky, where Jeremy Marr's estate is currently being probated. A certified copy of the Order Appointing Fiduciary (entered 04/21/2020) is attached hereto.

2. Joanna Marr, as wife and mother, brings this action individually and on behalf of E.J.M., the daughter of Joanna Marr and Jeremy Marr. At all times relevant herein, Joanna Marr and E.J.M. have been residing in Allen County, Kentucky.

3. Upon information and belief, the City of Glasgow is the applicable municipal entity with control over the Glasgow Police Department. The City's agent for service of process is its Mayor, Harold Armstrong, located at Glasgow City Hall, 126 East Public Square, Glasgow, KY 42141.

4. Upon information and belief, the City of Glasgow Police Department (hereinafter "GPD") is a municipal entity of the City of Glasgow. Accordingly, the Glasgow Police

Department's agent for service of process is its Mayor, Harold Armstrong, located at Glasgow City Hall, 126 East Public Square, Glasgow, KY 42141.

5. At all times relevant to this Complaint, Defendant Guy Turcotte (hereinafter "Officer Turcotte"), was an Officer of the Glasgow Police Department, acting under color of law and under his presumable authority with the GPD.

6. At all times relevant to this Complaint, Defendant Hayden Phillips (hereinafter "Officer Phillips"), was an Officer of the Glasgow Police Department, acting under color of law and under his presumable authority with the GPD.

7. At all times relevant to this Complaint, Defendant Cameron Murrell (hereinafter "Sergeant Murrell"), was a Sergeant with the Glasgow Police Department, acting under color of law and under his presumable authority with the GPD.

8. With respect to the events addressed herein, the GPD and its employees and agents were acting within the course and scope of their powers and/or employment.

9. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) as there are federal claims herein and this Court has supplemental jurisdiction over the Plaintiffs' state law claims through 28 U.S.C. § 1367(a). Further, venue is appropriate as the parties reside in this district and the events giving rise to the claims occurred in this district. *See* 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS
*April 14, 2020 Incident*

10. Plaintiffs incorporate Paragraphs 1-9 as if fully set forth herein and further allege as follows.

11. On or about April 14, 2020, Jeremy Marr ("Marr" or "Decedent") was in a Glasgow residence, making remarks that people were trying to murder him. Marr's conduct caused concern for someone in or around the residence, resulting in the GPD being called.

12. Some Glasgow police officers arrived on the scene, specifically Defendants Turcotte, Phillips, and Murrell (collectively referenced as "GPD policemen"), and began interacting with Marr as he was coming out of the residence upon the policemens' request.

13. Upon their initial contact, Marr was informing the GPD policemen that someone was trying to harm him and that "he didn't want to die." At this point, Marr was not physical or reactive in any way, but was only attempting to speak to the GPD policemen.

14. Marr notified the officers that the only weapon he had on his person was a knife and was going to hand it to the officers, but after being instructed not to get it out, Marr left it in his pocket.

15. For some unknown reason and without provocation, after having a few moments of conversation with Marr, a GPD policemen grabbed Marr by the jacket and turned him around to face the bumper of the police cruiser. Marr expressly stated to another officer that the officer was holding his jacket, continually begging for the GPD policemen not to kill him or let anyone hurt him while he was against the hood of the vehicle.

16. While the GPD policemen were on the scene, there was never a time that Marr posed a threat to anyone in the vicinity of the incident.

17. At no point did the GPD policemen release their physical grasp on Marr and the GPD policemen took Marr to the ground, restraining Marr's arms above his head and straddling him.

18. In less than approximately three minutes, Marr was tased eight to ten times directly onto the skin of his back, with the majority of the taser discharges occurring within two minutes.

19. At least two of the GPD policemen were physically on top of Marr restraining him, holding down his wrists and legs, while simultaneously yelling "put your hands behind your back" or "don't move" and continually tasing him.

20. While the GPD policemen were on top of Marr, they were not only restraining him while commanding him to move and tasing him, but also repeatedly striking Marr with a knee either in his side or on some portion of the lower half of his body, all causing him not to be able to breathe.

21. Once Marr was rolled over onto his back, it was clear that he was unresponsive.

22. The total interaction time between Marr and the GPD policemen was, at maximum, five minutes before GPD policemen and/or first responders were attempting resuscitation at the scene.

23. It was then determined that Marr should be transported to the T.J. Samson emergency room in Glasgow, Kentucky, but the first responders were unable to revive Marr.

24. Marr was unfortunately pronounced deceased upon his arrival to the T.J. Samson emergency room, where his body temperature was highly elevated and the taser prongs were still in his back.

25. Ultimately, Marr's cause of death was believed to be substantially impacted by the amount of excessive force used by the GPD policemen.

26. The excessive force of the GPD policemen was cruel and unusual, causing Marr to have serious injury, and eventually triggering his untimely death.

27. GPD's actions were unconstitutional and an assault and battery on Marr, causing the wrongful death of Marr.

### *Policies, Procedures, & Practice of the GPD*

28. The GPD follows the Accreditation Standards set by the Kentucky Association of Chiefs of Police, in addition to the training provided by the Kentucky Law Enforcement Council.

29. Upon information and belief, the GPD has written internal policies, seemingly to effectuate that the use of force is carried out when using "less lethal weapons", including but not limited to taser or stun guns.

30. Said written directives should govern the use, training, and possession of less lethal weapons by GPD policemen, on and off duty.

31. The GPD also have Standard Operating Procedures governing training and critical training procedures for its officers.

32. On information and belief, the GPD's training and policies fail to provide adequate training to officers in using a reasonable degree of force when a suspect is posing a threat to an officer, themselves, or someone else.

33. As a result of this failure, there is a pattern of GPD officers in exercising unreasonable force during the course of an arrest or inquiry.

34. The conduct of the GPD officers during the incident in question, as well as past cases worked by the GPD, have shown that the GPD routinely exercises excessive force during the exercise of official duties.

35. Upon information and belief, GPD has not adequately trained its officers despite its knowledge of its officers' use of excessive force. The GPD has acted with deliberate indifference in failing to properly train its agents and officers, impliedly approving of the use of excessive force during the commission of police duties.

36. If the GPD had adequately trained its officers in using reasonable force, the GPD policemen would not have used excessive force on Jeremy Marr, resulting in his death and a violation of Marr's constitutional rights.

37. Accordingly, the Plaintiffs bring this action to recover all legal and actual damages, including punitive damages, they have sustained from the death of Jeremy Scott Marr.

## CAUSES OF ACTION

### COUNT I – Violation of 42 U.S.C. § 1983
### Excessive Force & Cruel and Unusual Punishment
*Against all Defendants (in all capacities)*

38. Plaintiffs incorporate Paragraphs 1-37 as if fully set forth herein and further allege as follows.

39. At all pertinent times, the conduct of the Defendants was within the purview of 42 U.S.C. § 1983.

40. The GPD policemen's conduct was in excess of the scope of their authority as the officers brought Marr to the ground, inflicting excessive restraint on him, as well as utilizing a taser beyond any objectively reasonable degree of force necessary to subdue Marr.

41. The injuries that Marr sustained during the events described above were in violation of the Fourth and Eighth Amendments of the United States Constitution, among other relevant Amendments and applicable federal law.

42. The Defendants had a culpable state of mind in using excessive force on Marr, despite having the knowledge that their actions created a substantial risk of serious harm for Marr.

43. Said conduct of the Defendants, jointly or severally, was conducted with the reckless disregard and/or deliberate indifference of the constitutional rights, privileges, and immunities held by Marr.

44. Further, the conduct of the Defendant GPD policemen were not objectively reasonable in light of the facts and circumstances surrounding Marr's conduct/interaction with said officers.

45. The Defendants, under color of law and with deliberate indifference and/or gross negligence caused a denial of Marr's rights, privileges, and immunities secured by the United States Constitution, as well as other federal and state law.

46. Specifically, this denial included, among others, Marr's right not to have cruel and unusual punishment inflicted upon him under the United States Constitution, nor for excessive force to be used in the course and scope of an arrest. This denial was in direct contravention of 42 U.S.C. § 1983.

47. Plaintiffs are entitled to recovery against all Defendants, jointly and severally, for the actual, special, and compensatory damages sustained herein, in addition to the attorney's fees and costs of this action, exceeding the minimum jurisdictional requirements of this Court.

48. Plaintiffs are further entitled to punitive damages against the Defendants, exceeding the minimum jurisdictional requirements of this Court.

### COUNT II – Battery
*Against all Defendants (in all capacities)*

49. Plaintiffs incorporate Paragraphs 1-48 as if fully set forth herein and further allege as follows.

50. Without the consent of Marr, at least one, if not several, of the Defendants made excessive physical contact with Marr during the course of his arrest, and beyond the scope of force necessary for arrest.

51. Said physical contact was made in a harmful, offensive, and unlawful manner that resulted in direct harm to Marr's person.

52. As a direct and proximate result of the conduct of the GPD policemen Defendants and the City of Glasgow, through *respondeat superior*, Marr suffered serious bodily injuries, which ultimately led to his death.

53. Accordingly, Plaintiffs are entitled to damages from the Defendants, jointly or severally, for actual, special, punitive, and compensatory damages in an amount exceeding the minimum jurisdictional requirements of this Court.

## COUNT III – Negligence and Wrongful Death
### *Against all Defendants (in all Capacities)*

54. Plaintiffs incorporate Paragraphs 1-53 as if fully set forth herein and further allege as follows.

55. The Defendants owed Marr and others a duty not to exceed their police powers during the course of an arrest.

56. The Defendants, through gross negligence and/or a willful disregard, breached said duty by exerting excessive force against Marr, resulting in injuries to Marr.

57. The Defendants' breach was the actual and proximate cause of Marr's injuries, and eventually, his death.

58. The Defendant City of Glasgow is liable for the actions of its employees/agents through *respondeat superior*.

59. The Plaintiffs have suffered harm from Marr's death, including but not limited to: past and future lost wages and earning potential of Jeremy Marr; funeral expenses; physical, mental, and emotional distress; loss of love and affection; wrongful death; and any other harm recognized under Kentucky law.

60. Accordingly, and pursuant to KRS § 411.130, Plaintiffs are entitled to damages from the Defendants, jointly or severally, for actual, special, punitive, and compensatory damages in an amount exceeding the minimum jurisdictional requirements of this Court.

### COUNT IV – Loss of Consortium
*Against all Defendants (in all capacities)*

61. Plaintiffs incorporate Paragraphs 1-60 as if fully set forth herein and further allege as follows.

62. As a result of the negligent acts and omissions of the Defendants, Joanna Marr has incurred damages for the loss of Jeremy Marr's services, assistance, aid, society, companionship, and conjugal relationship as between husband and wife.

63. Pursuant to KRS § 411.145, Joanna Marr is entitled to recover damages from the Defendants, jointly and severally, for their negligent and/or wrongful acts that are in an amount exceeding the minimum jurisdictional requirements of this Court.

### COUNT V – Loss of Parental Consortium
*Against all Defendants (in all capacities)*

64. Plaintiffs incorporate Paragraphs 1-63 as if fully set forth herein and further allege as follows.

65. Plaintiff E.J.M., a minor, has suffered damages including the loss of love, affection, and companionship of her father, Jeremy Scott Marr.

66. Plaintiff E.J.M. is entitled to recover damages for loss of parental consortium pursuant to KRS § 411.135 and Kentucky case law. *See Guilani v. Guiler*, 951 S.W.2d 318 (Ky. 1997).

67. The willful and/or grossly negligent acts of the Defendants, whether liable directly for said acts and/or through *respondeat superior*, have entitled the Plaintiff to punitive damages through KRS § 411.130.

68. Accordingly, Plaintiff E.J.M. is entitled to damages from the Defendants, jointly or severally, for actual, special, punitive, and compensatory damages for loss of parental consortium, as well as all other elements of damages recoverable for wrongful death, in an amount exceeding the minimum jurisdictional requirements of this Court.

### COUNT VI – Negligent Hiring, Retention, Supervision, & Training
*Against City of Glasgow and Glasgow Police Department*

69. Plaintiffs incorporate Paragraphs 1-68 as if fully set forth herein and further allege as follows.

70. The City of Glasgow had a duty to properly hire, train, and supervise the activities of its employees, including the GPD policemen, in the exercise of their municipal duties. The City of Glasgow failed to properly hire, train, and supervise the GPD policemen Defendants herein, resulting in Marr's death for which the Plaintiffs are entitled to compensation for.

71. By the acts and omissions of the GPD policemen Defendants, it is evident that the City of Glasgow failed to properly hire, train, and supervise the GPD policemen Defendants with regard to the amount of force necessary for arrest, causing Marr's injuries and death, to which the Plaintiffs are entitled to compensation from the City of Glasgow.

WHEREFORE the Plaintiffs, The Estate of Jeremy Marr and E.J.M., a minor, pray for the following relief:

1. For a trial by jury;
2. Judgment against the Defendants, jointly and severally, for a reasonable sum to compensate the Plaintiffs for their injuries and damages, including past and future lost wages and earning potential of Jeremy Marr, funeral expenses, recovery for physical, mental and emotional distress, loss of love and affection, wrongful death, and all other damages recoverable at law;

3.  For the Plaintiffs' attorney's fees and costs herein pursuant to 42 U.S.C. § 1983;

4.  Pre and post judgment interest;

5.  Punitive damages; and

6.  For any and all relief to which the Plaintiffs appear entitled.

This the 19th day of March, 2021.

                                                Respectfully submitted,

                                                BRODERICK & DAVENPORT, PLLC
                                                921 College Street - Phoenix Place
                                                Post Office Box 3100
                                                Bowling Green, KY  42102-3100
                                                Telephone: (270) 782-6700
                                                Fax: (270) 782-3110


                                                */s/ David F. Broderick*
                                                DAVID F. BRODERICK

## **VERIFICATION**

I, Joanna Marr, individually and on behalf of the Estate of Jeremy Marr and E.J.M., a minor, acknowledge that I have read the foregoing and the statements contained herein are true and correct to the best of my knowledge and belief.

                                                            _____
                                                            Joanna Marr
                                                            *Individually and on behalf of the Estate of*
                                                            *Jeremy Marr and E.J.M., a minor*

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
| | ) |
| COUNTY OF WARREN | ) |

ACKNOWLEDGED, SUBSCRIBED AND SWORN to before me on this 19th day of March, 2021 by Joanna Marr, individually and on behalf of the Estate of Jeremy Marr and E.J.M., a minor, knowingly and as her free act and deed.

                                                            _____
                                                            NOTARY PUBLIC, STATE AT LARGE
                                                            My Commission Expires: 2-17-25
                                                            Notary Identification No.: KYNP23869