UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00050-GNS

***ELECTRONICALLY FILED***

ESTATE OF JEREMY MARR,
by and through its Administrator,
JOANNA MARR, *et al.*                                                                    PLAINTIFFS

v.          **PROPOSED AGREED AMENDED SCHEDULING ORDER**

CITY OF GLASGOW, *et al.*                                                                DEFENDANTS

By agreement, the parties jointly propose the following amendments to the Court's original Scheduling Order dated May 24, 2022 [DN 22]:

(2)     (a)     **No later than January 16, 2023,** the Plaintiffs shall file all motions to join additional parties. All motions to amend the pleadings shall be filed by the Plaintiffs **no later than January 16, 2023.**

(b)     **No later than January 16, 2023**, the Defendants shall file all motions to join additional parties. All motions to amend the pleadings shall be filed by the Defendant **no later than January 16, 2023.**

(3)     **No later than July 17, 2023**, the parties shall complete all pretrial fact discovery. All written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline. **Motions pertaining to unresolved discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy, Kelly Lovell, at 270-393-2507, or kelly_lovell@kywd.uscourts.gov. Any agreed amendments to the Scheduling Order shall be submitted to the Court in the form of an agreed order. ALL MOTIONS PERTAINING TO**

**DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF ALL DISCOVERY.**

**Non-waiver of attorney-client privilege or work-product protection.** Pursuant to Fed. R. Evid. 502(d), neither the attorney-client privilege nor work-product protection are waived by disclosure connected with this litigation. Further, the disclosure in this action shall not operate as a waiver in any other federal or state proceeding. As defined in Fed. R. Evid. 502(g), "attorney-client privilege" means the protection that applicable law provides for confidential attorney-client communications; and "work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial.

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32 and all depositions taken for trial purposes only shall be completed not later than 60 days prior to trial.

(4)     **Agreed Protective Orders** – Parties are permitted to tender an agreed protective order which provides for confidentiality of documents produced in discovery. However, the parties' attention is directed to LR 5.7 regarding the filing of documents under seal:

> **LR 5.7 Filing Documents Under Seal**
>
> (a) **Presumption of public access.** Parties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule.
>
> (b) **"Sealed Document" defined**. A "sealed document" is defined as a document or motion filed pursuant to (1) a protective order restricting public access, (2) an order granting leave to file the sealed document or motion, in conjunction with a motion for leave to seal or a previously-filed redacted documents, or (3) included within a category of documents considered sealed under a federal statute or federal rule of procedure, local rules, or standing order of this court. A sealed document or motion is not available electronically, or by any other means, to the parties, attorneys or the public.

> (c) **Specific Authority or Motion Required; Protective Orders.** Absent a federal statute or federal rule of procedure, local rule, or standing order of this court, *a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof, warrants filing under seal.*
>
> (d) **Electronic Filing Rules and Procedures.** All procedures for filing documents under seal, whether pursuant to this Rule or a federal statute or federal rule of procedure, are contained in the court's Amended Electronic Case filing Administrative Policies and Procedures, available from the Clerk's office on the following websites:
>
> WDKY – http://www.kywd.uscourts.gov/
> EDKY – http://wwwkyed.uscourts.gov/

(emphasis added).

The significance of this rule is that parties may not simply agree that any document they designate as confidential may be filed in the public record under seal. The rule provides that documents may only be sealed by Court order on motion demonstrating good cause. This gives rise to the question of which party should file the motion and which party bears the burden of demonstrating good cause. While parties are free to tender in this regard whatever order language they wish to propose, the Court has endorsed the following provision in agreed orders:

> Unless otherwise ordered by the Court or agreed to by the parties, should any party seek to file any documents and deposition transcripts containing or reflecting Confidential Information with the Court of any appellate court, said party shall notify the party that has designated the information as Confidential Information and afford the designating party no less than 3 business days to file a joint motion for leave to seal pursuant to LR 5.7 and applicable law. Although filed jointly, the designating party is fully responsible for preparing the joint motion, filing same, and making any and all arguments in support of the motion. Consistent with the requirements in LR 5.7(c), the motion for leave to seal must explain why "sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure." The party seeking to file any said Confidential Information shall not oppose the motion, but shall have no further obligations under this Order, and the party seeking to file does not waive any rights under this Order. Should the Court grant the motion, the Confidential Information shall be filed in a sealed envelope with a cover label bearing the caption of the

action containing the following notice: TO BE FILED UNDER SEAL PURSUANT TO AGREED CONFIDENTIALITY ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, CASE NO. __"___-cv-____-___. Any filings shall comply with LR 5.7(d) as well as the Court's Amended Electronic Case filing Administrative Policies and Procedures. Confidential Information used in any court proceeding in connection with this action shall not lose its confidential status through such use. All such Confidential Information so filed shall be maintained by the Clerk of the Court separate from the public record sin this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto. In the even that each designating party and any party seeking to use such Confidential Information at trial are unable to reach an agreement as to the procedure to ensure the confidentiality of the Confidential Information, the matter shall be submitted to the Court.

(5) **No later than April 3, 2023,** counsel for the Plaintiffs shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A). By that date, Plaintiffs shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B). If the witness is not required to provide a written report, Plaintiffs' disclosure shall include for each witness the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705 and a summary of the facts and opinions to which the witness is expected to testify, in conformance with Fed. R. Civ. P. 26(a)(2)(C).

(6) **No later than May 29, 2023,** counsel for the Defendants shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A). By that date, Defendants shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B). If the witness is not required to provide a written report, Defendants' disclosure shall include for each witness the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703

or 705 and a summary of the facts and opinions to which the witness is expected to testify, in conformance with Fed. R. Civ. P. 26(a)(2)(C).

(7) The discovery depositions of all expert witnesses shall be completed **no later than July 17, 2023.**

(8) A telephonic status conference shall be conducted on _____ at _____ **CDT.** The Court will initiate the call. **If the parties agree to amendment of the deadlines established by this or any subsequent scheduling order, they may tender an agreed order. Agreed orders may not extend deadlines "in general" or "until further orders of the court," and must contain specific deadlines dates.**

(9) **No later than August 14, 2023,** counsel for the parties shall file all dispositive motions. This same date is the filing deadline for motions related to the admissibility of expert testimony pursuant to Federal Rule of Evidence 702 (Daubert motions).

(10) In the event discovery is completed and neither party anticipates filing dispositive motions, or in the event no dispositive motions are filed by the deadline, counsel shall notify the Magistrate Judge's Courtroom Deputy and the case will be set for a status conference. Upon resolution of any dispositive motions which are filed, the court will enter appropriate orders regarding the scheduling of trial, if necessary.

(11) All other limitations set forth in the Report of Parties' Planning Meeting, to the extent they are not inconsistent with this Order, are incorporated herein.

(12) Should the parties wish to schedule a settlement conference, they should contact Kelly Lovell.

HAVE SEEN AND AGREE:


<u>/s/  David F. Broderick w/permission</u>
David F. Broderick
Broderick & Davenport, PLLC
P.O. Box 3100
Bowling Green, KY 42102-3100
dbroderick@broderickfirm.com
  *Counsel for Plaintiffs*


<u>/s/  Matthew P. Cook</u>
Thomas N. Kerrick
Matthew P. Cook
Kerrick Bachert PSC
1025 State Street
Bowling Green, KY 42101
T: (270)782-8160
F: (270) 782-5856
tkerrick@kerricklaw.com
mcook@kerricklaw.com
  *Counsel for Defendants*


Copies to:   Counsel of Record