UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00050-GNS-HBB

ESTATE OF JEREMY MARR,                                                        PLAINTIFFS
by and through its Administrator,
JOANNA MARR et al.

v.

CITY OF GLASGOW et al.                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Alter, Amend, or Vacate (DN 90). The motion is ripe for adjudication.

### I.   BACKGROUND

Plaintiffs Joanna Marr, as Administrator of the Estate of Jeremy Marr, individually, and on behalf of Marr's minor child (collectively, "Plaintiffs"), filed this wrongful death action alleging Glasgow Police Department ("GPD") officers Guy Joseph Turcotte ("Turcotte"), Hayden Phillips ("Phillips"), and Cameron Murrell ("Murrell") (jointly, the "Officers") used excessive force against Jeremy Marr ("Marr"). (Compl. ¶¶ 3-9, 12-24, 38-71, DN 1).[1]  Plaintiffs asserted federal and state law claims against the GPD; the City of Glasgow ("City"); and the Officers in their official and individual capacities. (Compl. ¶¶ 3-9, 12-24, 38-71).

The Officers first encountered Marr after they responded to a 911 call reporting a break-in at the home of Evie Tharp ("Tharp"). (Compl. ¶¶ 12-24; Turcotte Dep. 17:18-22:25, 104:3-105:13, Jan. 9, 2023, DN 49; Tharp Dep. 5:8-7:19, 12:1-22, July 10, 2023, DN 53). The Officers noted that Marr was in a state of mental distress and appeared to be under the influence of some kind of

---

[1] Detailed facts of this case are set out in the Court's prior Memorandum Opinion. (Mem. Op. & Order 1-3, DN 88). The Court will now provide only a brief overview.

1

illegal substance. (Turcotte Dep. 101:19-110:20; Turcotte Bodycam 1, at 5:00-5:10; Turcotte Bodycam 2, at 0:00-0:20, DN 46). The Officers attempted to handcuff Marr but only managed to cuff one hand before a struggle ensued for several minutes as Marr resisted. (Turcotte Bodycam 1, at 5:00-9:20; Turcotte Dep. 109:16-112:7). The Officers tased Marr eight to ten times during the struggle and, after he was restrained, Marr became unresponsive and later died. (Turcotte Dep. 170:5-172:25; Turcotte Bodycam 1, at 6:07-10:00; Turcotte Bodycam 2, at 1:10-3:40, DN 46).

The Court granted Defendants' motion for summary judgment. (Mem. Op. & Order 20-22). Plaintiffs now seek reconsideration of the Court's Memorandum Opinion and Order granting summary judgment in favor of Defendants. (Pls.' Mot. Alter, Amend, or Vacate, DN 90).

## II. JURISDICTION

Jurisdiction for the federal law claims is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims through supplemental jurisdiction under 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e). Rule 59(e) motions allow district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks) (citation omitted). The decision of whether to grant relief under Fed. R. Civ. P. 59(e) is left to the district court's sound discretion. *See In re Ford Motor Co. Sec. Litig., Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is newly discovered evidence, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest

2

injustice. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). A Fed. R. Civ. P. 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not. *See Sault Ste. Marie Tribe of Chippewa Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## IV.    DISCUSSION

### A.    Constitutional Right Violation

Plaintiffs' arguments ultimately all fall under the "clear error of law" categorization of Fed. R. Civ. P. 59. *See GenCorp, Inc*, 178 F.3d at 834. Plaintiffs first contest that the Court erred in its qualified immunity analysis in both the constitutional right violation and clearly established right prongs. (Pls.' Mot. Alter, Amend, or Vacate 3-10). Specifically, Plaintiffs contend that the Court's analysis of the 911 call is "manifestly unjust as it omits germane information" when it made the qualified immunity determination. (Pls.' Mot. Alter, Amend, or Vacate 3). Plaintiffs argue that the Court incorrectly analyzed the constitutional violation prong of the qualified immunity by characterizing the break-in as a serious crime, such that the Officers would have believed they were encountering a serious threat. (Pls.' Mot. Alter, Amend, or Vacate 3-4). They chiefly argue that the Officers would not have known Tharp's age and that Marr did not commit an intentional crime. (Pls.' Mot. Alter, Amend, or Vacate 4). Defendants contend that Plaintiffs waived this issue by not raising it at the summary judgement stage. (Defs.' Resp. Pls.' Mot. Alter, Amend, or Vacate 3, DN 91). They further note that the Court extensively and correctly analyzed both the nature of the 911 call and the Officers' response and assessment of the situation. (Defs.' Resp. Pls.' Mot. Alter, Amend, or Vacate 3-4).

The threshold question is whether Plaintiffs had to raise this issue on summary judgment. Defendants contend that Plaintiffs should have raised the issue of Tharp's age at the summary

3

judgment stage but fail to provide supporting authority. (Defs.' Resp. Pls.' Mot. Alter, Amend, or Vacate 3). Plaintiffs cite *National Ecological Foundation v. Alexander*, 496 F.3d 466 (6th Cir. 2007), to support the proposition that they are able to raise this argument in this motion rather than at summary judgment. (Pl.'s Reply Mot. Alter, Amend, or Vacate 2-3 (citation omitted)). In *National Ecological Foundation*, the Sixth Circuit permitted a party's argument to proceed under Fed. R. Civ. P. 59 because the trial court did not permit reply briefs, and the Sixth Circuit noted the "unique facts" of the case that permitted the moving party to first raise the argument at a later stage. *Id.* at 477.

Plaintiffs' argument ultimately fails because it oversimplifies the facts relied upon in the Court's analysis. (Pls.' Mot. Alter, Amend, or Vacate 3-4). If bodycam footage shows facts so clearly that a reasonable jury would be able to view these facts in only one way, a court should view the facts in the light depicted by the video. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). This Court indicated in a footnote that Tharp was 89 years old but did not rely on her age to justify her fear during the circumstances as Plaintiff asserts. (Mem. Op. & Order 8 n.4, 8-9). Instead, the Court acknowledged a home break-in during the early morning hours as giving rise to the victim's fear: "Tharp understandably feared Marr, a complete stranger, who smashed a window to enter at 7:30 AM, repeatedly yelling that he did not want to be killed." (Mem. Op. & Order 9). The Officers were not concerned about the age of the victim but the nature of the break-in and Marr's erratic conduct after they arrived on scene. (Turcotte Dep. 101:19-102:14, Turcotte Bodycam 1, at 3:30-3:36, 5:00-5:10). The bodycam footage in this case shows that a jury could only reasonably interpret the footage to reflect Marr was clearly resisting the officers' efforts and commands during the arrest. (Turcotte Bodycam 1, at 5:00-9:30).

Plaintiffs also fail to acknowledge the bodycam footage and depositions provided in the record or that the severity of the crime was only one of the factors that the Court considered among a series of factors assessed. *See Shumate v. City of Adrian*, 44 F.4th 427, 441-42 (6th Cir. 2022). It is insufficient to argue that the Officers should have known that Marr was "actively seeking help, not committing an intentional crime." (Pls.' Mot. Alter, Amend, or Vacate 4). The test is reasonableness at the time the force was used, "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citing *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968)). As the Sixth Circuit has recognized, "police officers are often forced to make split second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Dorsey v. Barber*, 517 F.3d 389, 399 (6th Cir. 2008) (internal quotation marks omitted) (citation omitted).

Given its prior articulation of the correct standard and a discussion of the facts in its Memorandum Opinion and Order, the Court rejects Plaintiffs' motion as to the constitutional right violation prong.

**B.** **Clearly Established Right**

Plaintiff next argues that the Officers failed to follow proper policy and that the Court failed to correctly analyze the clearly established analysis of qualified immunity under *Hagans v. Franklin County Sheriff's Office*, 695 F.3d 505 (6th Cir. 2012). (Pls.' Mot. Alter, Amend, or Vacate the Court's Previous J. 6-10).[2] Their argument consists of conclusory statements and does

---

[2] Plaintiffs cite the CALMS policy and but do not address that the record indicates the Officers were cleared of any wrongdoing after an investigation by the police department. (Jones Dep. 43:11-45:1, July 27, 2023, DN 52).

not cite to any evidence in the record to show a clear error in law. (Pls.' Mot. Alter, Amend, or Vacate 6-9).

In *Hagans*, a man under the influence of crack cocaine caused a disturbance at his house, prompting a police response. *Hagans*, 695 F.3d at 507. The police repeatedly ordered the man to stop and had to shock him with a taser several times in order to get handcuffs and shackles on him before he ultimately died. *Id*. *Hagans* highlights that a suspect's active resistance distinguishes reasonable tasing from unreasonable tasing. *See id.* at 510-11. The *Hagans* suspect was acting "out of control" and resisted arrest, supporting the conclusion that the use of force by the police did not violate established law. *Id.* at 510-11. Despite Plaintiffs' protestations to the contrary, *Hagans* supports the grant of qualified immunity.

Plaintiffs cite *Martin v. City of Broadview Heights*, 712 F.3d 951 (6th Cir. 2013), where the officers used body strikes and physical compression to subdue a mentally unstable individual who jogged away from officers while naked, unarmed, and under the influence of drugs, but the suspect "put his hands behind his back to allow [the officer] to handcuff him." *Id.* at 954-55, 958. The officers in that case still subdued the suspect even after he showed signs of physical distress. *Id.* at 959. Plaintiffs have failed to show that the Court made a clear error of law when holding Martin was a materially different case than the events that took place in the present matter.[3]

---

[3] Plaintiffs also contend that the Court erred in failing to consider whether to grant Defendants' Motion to Exclude the testimony of Dr. John Hunsaker ("Dr. Hunsaker"). (Pls.' Mot. Alter, Amend, or Vacate 10-11). In light of the Court's ruling on the motion for summary judgment in favor of Defendants, the motion to exclude was denied as moot and remains so. (Mem. Op. & Order 22).

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiffs' Motion to Alter, Amend, or Vacate (DN 90) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

June 27, 2025

cc: counsel of record